IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

COLETTE SHEN,                        )
                                     )
                Plaintiff,           )
                                     )
       v.                            )       1:19-CV-830
                                     )
CAPITAL ONE BANK (USA),              )
NATIONAL ASSOCIATION a               )
subsidiary of CAPITAL ONE            )
FINACIAL CORPORATIONS,               )
                                     )
                Defendant.           )

**MEMORANDUM OPINION AND ORDER**

Loretta C. Biggs, District Judge.

Before the Court are a Motion to Dismiss filed by Defendant, Capital One Bank (USA), National Association, a subsidiary of Capital One Financial Corporation ("Capital One"), (ECF No. 7), and a Motion to Remand filed by Plaintiff, Colette Shen, (ECF No. 10). For the reasons stated below, Plaintiff's Motion to Remand will be granted. Accordingly, Defendant's Motion to Dismiss will be denied as moot.

**I.   BACKGROUND**

Plaintiff originally filed her Complaint in the North Carolina Superior Court for Orange County. (ECF No. 2.) Shen seeks to recover for charges she made on her Capital One credit card while briefly ensnared in a scheme by which fraudsters impersonating government agents demanded that she purchase $20,000 worth of gift cards. (*See id.*) Plaintiff eventually contacted the police about this scheme, but Defendant declined to remove the

1

charges from her card or to reimburse her. (*See id.* ¶¶ 21, 24–25.) Plaintiff then sued alleging three state law causes of action—breach of contract or, in the alternative, negligence, and unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1. (*Id.* ¶¶ 26–43.) Plaintiff's Complaint requests (1) "in excess of $20,000.00 for breach of contract or negligence"; (2) an award "in excess of $20,000.00 trebled" for Defendant's alleged unfair trade practice; and (3) statutory attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1. (*Id.* at 7.)

Defendant removed the matter to this Court, asserting jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000 pursuant to 28 U.S.C. § 1332. (ECF No. 1 ¶ 3.) Plaintiff now moves to remand this case on the grounds that the amount in controversy is not satisfied. (ECF No. 10 at 1.)

II. **LEGAL STANDARD**

In cases removed from state to federal court, the party seeking removal bears the burden of demonstrating jurisdiction. *Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 296 (4th Cir. 2008). A lack of subject matter jurisdiction obligates the court to remand the case. 28 U.S.C. § 1447(c); *see Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 200 (4th Cir. 2008). Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction" and remand whenever "federal jurisdiction is doubtful." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

When a case has been removed on the basis of diversity, the amount in controversy must exceed $75,000 exclusive of interest and costs. *Dash v. FirstPlus Home Loan Tr. 1996-2*, 248 F. Supp. 2d 489, 495 (M.D.N.C. 2003) (citing 28 U.S.C. § 1332(a)). "The amount in

controversy is determined at the time of removal." *Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 WL 2992219, at *2 (M.D.N.C. July 9, 2019). "[W]here the total amount in controversy is not readily apparent from the face of the complaint, the district court should independently determine the reasonable value of the claims." *Id.* at *3. Such determinations are made by the preponderance of the evidence, *see Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017), with courts employing their "judicial experience and common sense," but not looking to the merits of the underlying claims. *Costin v. Ally Bank Corp*, No. 7:13-CV-113-BO, 2013 WL 4828576, at *2 (E.D.N.C. Sept. 10, 2013). Treble damages are included in calculating the amount in controversy. *See Quality Labels*, 2019 WL 2992219, at *3. Courts may also aggregate multiple claims "when the applicable law would permit separate recoveries for each claim." *Blettner v. Masick*, No. 1:15CV474, 2015 WL 7575924, at *2 (M.D.N.C. Nov. 25, 2015). "However, where two or more claims are alternative theories of recovery for the same harm, they may not be aggregated." *Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005); *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3rd Cir. 1997) ("[I]f these claims are alternative bases of recovery for the same harm under state law . . . a court should not aggregate the claims to arrive at the amount in controversy."); *Johnson v. Xerox Educ. Sols. LLC*, No. GJH-14-CV-15422, 2014 WL 5361302, at *4 (D. Md. Oct. 20, 2014) ("[C]laims that are simply pleading alternative legal theories to recover for one harm cannot be aggregated to reach the amount in controversy threshold."); *Halstead v. Southerncare, Inc.*, No. 4:05-CV-76, 2005 WL 2261454, at *2 (W.D. Mich. Sept. 16, 2005) ("[T]wo claims must not be aggregated if they are alternative bases of recovery for the same harm under state law.") (internal quotations and citations omitted).

## III. DISCUSSION

Here, Plaintiff argues remand is required because the amount in controversy has not been met. (ECF No. 10 at 1.) According to Plaintiff, it would be improper to aggregate her $20,000 claim for breach of contract or negligence with her $60,000 ($20,000 trebled) claim for unfair trade practices. (*See* ECF No. 10 at 3.) Thus, Plaintiff estimates the amount in controversy to be $60,000 plus attorneys' fees which Plaintiff's counsel states would not amount to $15,000. (*Id.*) Thus, Plaintiff's theory of remand is that $20,000 in damages trebled plus some amount less than $15,000 in attorneys' fees falls short of the pivotal $75,000 threshold. (*See id.*) Defendant disagrees with Plaintiff's theory for two reasons. First, Defendant contends that "federal courts in North Carolina have allowed [parties] to aggregate the damages alleged for a breach of contract or negligence claim along with . . . damages alleged for . . . unfair trade practices claim[s] where both are included in the same pleading." (ECF No. 13 at 4.) Second, Defendant asserts that Plaintiff could receive more than $15,000 in attorneys' fees. (*Id.* at 6–7.) As explained below, the Court agrees with Plaintiff.

*A. Aggregation of Plaintiff's Claims is Inappropriate*

Defendant is correct that when calculating the amount in controversy, federal courts in North Carolina have, at times, aggregated the damages from breach of contract, negligence, and unfair trade practices claims. *See, e.g.*, *Thind v. PNC Bank, Nat. Ass'n*, No. 5:13-CV-00619-FL, 2013 WL 6326600, at *2 (E.D.N.C. Dec. 4, 2013); *Law Offices of Michele A. Ledo, PLLC v. BellSouth Advert. & Publ'g Corp.*, No. 5:07-CV-236-BO, 2008 WL 11429808, at *3 (E.D.N.C. Mar. 27, 2008); *Lee Elec. Const., Inc. v. Eagle Elec., LLC*, No. 1:03CV00065, 2003 WL 21369256, at *3 n.3 (M.D.N.C. June 10, 2003). However, these cases appear to either omit discussion of

the general prohibition against aggregating alternative theories of liability for the same harm or, as in the case of *Thind*, acknowledge "suggestion under North Carolina law that the amount of damages for breach of contract may not be aggregated with those for unfair trade practices." *See* 2013 WL 6326600, at *2 n.1.

In contrast, in a recent opinion, *Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, the Middle District squarely held that it was improper to aggregate a plaintiff's six claims for relief—which included negligence and unfair and deceptive trade practices—when each claim asserted an "alternative legal theor[y] of recovery for the same injury." *See* 2019 WL 2992219, at *1, 4. In that case, a plaintiff alleged that defendants fraudulently obtained approximately $43,000 from him by tricking him into transferring money into Wells Fargo bank accounts they controlled. *See id.* at *1, 4. Though plaintiff pursued recovery of these funds under six different legal theories, the Court refused to aggregate the value of these individual claims "because [p]laintiff[] [could] recover [the] amount only once." *Id.* at *4.

In calculating the amount in controversy in this case, the Court will follow the *Quality Labels* approach for several reasons. First, and most importantly, here, just as in *Quality Labels*, Plaintiff has suffered only one injury—the loss of the $20,000 she spent on her credit card—but brings suit alleging multiple theories of recovery, including negligence and unfair and deceptive trade practices. Aggregation is inappropriate in such circumstances as North Carolina law prohibits a plaintiff from "recover[ing] on more than one theory for the same course of conduct." *See Blettner*, 2015 WL 7575924, at *2 (quoting *X-It Prods., L.L.C. v. Walter Kidde Portable Equip., Inc.*, 227 F. Supp. 2d 494, 523 (E.D. Va. 2002)). As discussed above, this is in keeping with the rule that federal courts aggregate separate harms but not alternative

5

theories of liability for the same harm. *See, e.g.*, *Gallo*, 371 F. Supp. 2d at 947. Second, Plaintiff has represented that "the total possible damages at issue amounts to . . . $60,000.00." (ECF No. 10 at 3.) This militates against aggregation. *See Blettner*, at *2 (declining to aggregate claims, in part, because plaintiff did "not seek to recover separate awards for each claim for relief"). Finally, the Court is mindful that federalism concerns weigh in favor of remand to state court whenever a federal court has reason to doubt its jurisdiction over a case. *See Mulcahey*, 29 F.3d at 151. In sum, it would be inappropriate to aggregate Plaintiff's claim for $20,000 in damages for breach of contract or negligence with her claim for $60,000 in damages for Defendant's alleged unfair trade practice. Thus, remand is required unless Defendant can carry its burden of convincing the Court by the preponderance of the evidence that attorneys' fees are likely to exceed the $15,000 that would bring Plaintiff's claim over the $75,000 threshold.

B. *Plaintiff's Attorneys' Fees are Unlikely to Exceed $15,000*

In addition to seeking damages for the $20,000 she allegedly lost to Defendant, Plaintiff also seeks attorneys' fees on her unfair and deceptive trade practices claim pursuant to N.C. Gen. Stat. § 75-16.1. (ECF No. 2 ¶ 43.) Such fees are discretionary and may be awarded against a defendant if the presiding judge finds that the defendant "willfully engaged in the [unfair or deceptive] act or practice, and there was an unwarranted refusal by [the defendant] to fully resolve the matter." N.C. Gen. Stat. § 75-16.1(1). Defendant argues that such fees could exceed $15,000 while Plaintiff contends they certainly will not. (ECF Nos. 10 at 3 n.2; 13 at 6–7.) In support of their arguments, Defendant cites to cases where courts have awarded more than $15,000 in attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1, (ECF No. 13 at 6–7), while Plaintiff's counsel colorfully insists he would never charge a client $15,000 to

litigate a $20,000 claim. (*See* ECF No. 10 at 3 n.2 ("[T]here is simply no way on God's Green Earth that [Plaintiff] will incur sufficient attorney's fees . . . to meet the amount in controversy requirement—because present counsel absolutely will not charge a client $15,000.00 to litigate what is basically a $20,000.00 claim.").)

Based on the arguments of the parties and the amount in controversy, the Court finds that attorneys' fees, if awarded in this case, would almost certainly amount to less than $15,000. *See Law Offices of Michele A. Ledo*, 2008 WL 11429808, at *3 (noting that a rational plaintiff would not spend as much money as they hope to recover to litigate a purely economic loss). Thus, Defendant has failed to carry its burden of establishing that the amount in controversy exceeded $75,000 at the time of removal. Accordingly, the Court enters the following order:

## ORDER

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand, (ECF No. 10), is GRANTED and this case shall be remanded to the General Court of Justice for Orange County North Carolina, Superior Court Division. The Clerk of Court is directed to terminate this action.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss, (ECF No. 7), is DENIED as moot.

This, the 9th day of January 2020.

/s/Loretta C. Biggs
United States District Judge